13 F.3d 407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Toribio OLIVAS, Defendant-Appellant.
 No. 92-3419.
 United States Court of Appeals, Tenth Circuit.
 Nov. 24, 1993.
 ORDER AND JUDGMENT[1]
 
 1
 Before EBEL and KELLY, Circuit Judges, and COOK, District Judge.[2]
 
 
 2
 Mr. Olivas appeals his conviction and sentence for possession with intent to distribute less than fifty kilograms of marijuana, 21 U.S.C. 841(a)(1), (b)(1)(D). He was sentenced to thirty-seven months and fined $1,000 with three years of supervised release. His total offense level included a two-level enhancement for obstruction of justice resulting from his testimony at his codefendant's trial, U.S.S.G. 3C1.1. On appeal, Mr. Olivas challenges (1) his continued detention after the driver of his vehicle received a traffic citation, (2) the voluntariness of his consent to search the vehicle, and (3) the two-level enhancement for obstruction of justice. Our jurisdiction arises under 28 U.S.C. 1291 and 18 U.S.C. 3742. Because we are unable to review the district court's order denying suppression, we must remand for factual findings.
 
 Background
 
 3
 A Kansas state highway patrol trooper stopped the vehicle in which Mr. Olivas was a passenger for speeding (71 mph in a 65 mph zone) and passing without signalling. The trooper was unable to use his radar device, but checked the speed of the vehicle by stopwatch. The driver of the vehicle, Mr. Edmundo Alvarado, accompanied the trooper to the police vehicle while the trooper ran drivers' license and criminal history checks on Mr. Alvarado and Mr. Olivas due to their nervousness, the smell of air freshener in the car, the presence of a map on the front seat and the Texas origins of the pair, which the trooper considered a "source area." II R. 45. Mr. Alvarado was cited for driving on a suspended license, as well as given warnings for speeding and passing without signalling.
 
 
 4
 Mr. Olivas and Mr. Alvarado were each asked if marijuana, guns or large amounts of currency were contained in the vehicle. The trooper testified that Mr. Alvarado appeared to understand and responded no, but that Mr. Olivas "had a hard time understanding ... but shook his head as if to indicate 'no'." Id. at 18, 20-21; 51-52. Each was asked to review a consent to search form. Mr. Olivas looked at the form, "was talking out loud in Spanish, [and] appeared to be reading the form." Id. at 20. The trooper placed an "X" where Mr. Olivas was requested to sign, Mr. Olivas looked at the trooper, said something in Spanish, and complied. The trooper, who did not speak Spanish, had a difficult time communicating with Mr. Olivas, who spoke very little English, and the trooper was unaware if Mr. Olivas could read Spanish. Id. at 51.
 
 
 5
 Another trooper arrived with a drug sniffing dog, "Boss." Mr. Olivas was requested to open the trunk. The other trooper discovered a pistol between the driver and passenger seats. Ammunition was found in the glove compartment and the ashtray. Next, the trooper looked beneath the car and noticed that the gas tank had been altered. Boss alerted. The troopers dropped the gas tank and found several packages of marijuana in a secret compartment in the gas tank. Mr. Olivas and Mr. Alvarado were arrested.
 
 
 6
 Mr. Olivas sought to suppress the physical evidence, arguing (1) the stop was pretextual, (2) once the citations had been issued, the trooper lacked reasonable suspicion or probable cause for further investigation, (3) the consent to search was involuntary, and (4) the trooper exceeded the scope of the consent, even if valid, in dismantling the vehicle. Aplt. Br. at 35-42. At the suppression hearing, the government conceded that the validity of its search depended wholly upon the consent to search. II R. 66-69. The court interpreter translated the Spanish consent to search form as "consent to register." II R. 61-62. The district court denied the motion without making factual findings. II R. 72.
 
 Discussion
 
 7
 We review the district court's factual findings on a motion to suppress for clear error; legal conclusions concerning Fourth Amendment reasonableness are reviewed de novo. United States v. Maestas, 2 F.3d 1485, 1490 (10th Cir.1993). Fed.R.Crim.P. 12(e) provides that "[w]here factual issues are involved in determining a [pretrial suppression] motion, the court shall state its essential findings on the record." Ordinarily, in the absence of factual findings, we will uphold the district court's ruling if there is any reasonable view of the evidence to support it. See United States v. Morgan, 936 F.2d 1561, 1565 (10th Cir.1991), cert. denied, 112 S.Ct. 1190 (1992); United States v. Neu, 879 F.2d 805, 807 (10th Cir.1989). Of course, "[c]redibility determinations are for the trier of fact, that is, the trial judge." United States v. Cooper, 733 F.2d 1360, 1364 (10th Cir.) (citing United States v. Montos, 421 F.2d 215, 219 n. 1 (5th Cir.), cert. denied, 397 U.S. 1022 (1970)), cert. denied, 467 U.S. 1255 (1984). In Cooper and Montos, appellate courts could state that a reasonable view of the evidence was that the trial court accepted the government's version of the facts; hence, appellate review under the clearly erroneous standard review was possible.
 
 
 8
 In this case, particularly on the issue of consent, we cannot determine the path taken by the district court. "Voluntary consent requires 'an intellectual understanding of exactly what is being requested and a voluntary acquiescence in light of that understanding.' " United States v. Alvarado, 898 F.2d 987, 991 (5th Cir.1990) (quoting United States v. D'Allerman, 712 F.2d 100, 104 (5th Cir.), cert. denied, 464 U.S. 899 (1983)). Here, neither party squarely addressed the validity of the consent form, and we are without a sufficiently developed record to decide the consent issue; the appropriate course is a remand. See United States v. Walker, 933 F.2d 812, 817-18 (10th Cir.1991), cert. denied, 112 S.Ct. 1168 (1992) (appellate court remanded for findings as to voluntariness of consent); United States v. Guzman, 864 F.2d 1512, 1521 (10th Cir.1988) (same).
 
 
 9
 We retain jurisdiction over this appeal and make a limited remand to the district court for such proceedings as are necessary to make factual findings. A supplemental record shall be filed. We do not reach the other issues raised on appeal at this stage. See United States v. Castrillon, 716 F.2d 1279, 1284 (9th Cir.1983).
 
 
 10
 REMANDED for proceedings consistent with this order and judgment.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 The Honorable H. Dale Cook, Senior United States District Judge for the Northern District of Oklahoma, sitting by designation